UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUAN CARLOS MERCADO,<br><br>              Plaintiff,<br><br>v.<br><br>KILOLO KIJAKAZI, Acting Commissioner of Social Security Administration,<br><br>              Defendant. | Case No.:  22-CV-1713 (NLS)<br><br>**(1) ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND;**<br><br>**(2) ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL; and**<br><br>**(3) ORDER DENYING MOTION FOR IFP**<br><br>[ECF Nos. 2, 3] |

Juan Carlos Mercado ("Plaintiff"), proceeding *pro se*, seeks review of a decision by the Social Security Commissioner that denied his application for benefits.  ECF No. 1. The parties have consented to Magistrate Judge jurisdiction over the case.  ECF No. 5. Before the Court is Plaintiff's complaint seeking review of the Social Security Administration's decision, motion to proceed *in forma pauperis* (IFP), and motion for appointment of counsel to represent him in this action.  ECF Nos. 1-3.  For the following reasons, the Court **DISMISSES** the complaint with leave to amend, if amended within 60

days of this order, **DENIES** the motion to proceed IFP**,** and **DENIES without prejudice** the motion for appointment of counsel.

### I. Screening Under 28 U.S.C. § 1915(e)

A complaint filed pursuant to the IFP provisions of 28 U.S.C. § 1915(a), is subject to a mandatory and *sua sponte* review by the Court. *Lopez v. Smith,* 203 F.3d 1122, 1127 (9th Cir. 2000). The Court must dismiss the complaint if it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. § 1915(e)(2)(B). Social security appeals are not exempt from this § 1915(e) screening requirement. *Hoagland v. Astrue*, No. 1:12cv00973-SMS, 2012 WL 2521753, at *1 (E.D. Cal. June 28, 2012); *see also Calhoun v. Stahl,* 254 F.3d 845, 845 (9th Cir. 2001) (per curiam) (noting section 1915(e)(2)(B) is "not limited to prisoners"); *Lopez,* 203 F.3d at 1129 ("section 1915(e) applies to all in forma pauperis complaints").

To pass screening, all complaints must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Although detailed factual allegations are not required, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A complaint in a social security appeal is "not exempt from the general rules of civil pleading." *Hoagland*, 2012 WL 2521753, at *2.

Several courts within the Ninth Circuit have set forth the following basic requirements for complaints to survive the Court's § 1915(e) screening:

> First, the plaintiff must establish that she has exhausted her administrative remedies pursuant to 42 U.S.C. § 405(g), and that the civil action was commenced within sixty days after notice of a final decision. Second, the complaint must indicate the judicial district in which the plaintiff resides. Third, the complaint must state the nature of the plaintiff's disability and when the plaintiff claims she became disabled. Fourth, the complaint must contain a plain, short, and concise statement identifying the nature of the plaintiff's disagreement with the determination made by the Social Security Administration and show that the plaintiff is entitled to relief.

*See, e.g.*, *Montoya v. Colvin*, No. 16cv00454-RFB-NJK, 2016 WL 890922, at *2 (D. Nev. Mar. 8, 2016) (collecting cases); *Graves v. Colvin*, No. 15cv106-RFB-NJK, 2015 WL 357121, *2 (D. Nev. Jan. 26, 2015) (same).

As for the fourth requirement, "[e]very plaintiff appealing an adverse decision of the Commissioner believes that the Commissioner was wrong." *Hoagland*, 2012 WL 2521753, at *3. Thus, a complaint merely stating that the Commissioner's decision was wrong or that "merely parrots the standards used in reversing or remanding a case" is insufficient to satisfy a plaintiff's pleading requirement. *See, e.g.*, *Cribbet v. Comm'r of Social Security*, No. 12cv1142-BAM 2012 WL 5308044, *3 (E.D. Cal. Oct. 29, 2012); *Graves*, 2015 WL 357121, at *2.

Instead, "[a] complaint appealing the Commissioner's denial of disability benefits must set forth a brief statement of facts setting forth the reasons why the Commissioner's decision was wrong." *Hoagland*, 2012 WL 2521753, at *2. The plaintiff must provide a statement identifying the basis of the plaintiff's disagreement with the Social Security Administration's determination and must make a showing that she is entitled to relief, "in sufficient detail such that the Court can understand the legal and/or factual issues in dispute so that it can meaningfully screen the complaint pursuant to § 1915(e)." *Graves*, 2015 WL 357121, at *2.

Plaintiff alleges that during his hearing, the administrative law judge (ALJ) "repeatedly said he would grant [his] claim due to age and stipulations." ECF No. 1 at 2. As for relief, Plaintiff states that he asks "to listen to the court recording of the trial." *Id.* at 3. However, Plaintiff has failed to articulate any substantive reason indicating the ALJ erred in denying the claim. To survive screening, Plaintiff must be able to allege how the Social Security Administration erred in its decision and why he is entitled to relief. Even accepting the allegations as true, that the ALJ stated the claim would be granted, Plaintiff fails to explain how those statements would arise to legal error or entitle him to relief.

Because Plaintiff's fails to state a claim, the Court must **DISMISS** the complaint. However, Plaintiff shall have 60 days to amend the deficiencies in the complaint.

Plaintiff must provide substantive reasons why the ALJ should have granted his request for benefits based on his actual disabilities.

## II. Motion to Proceed *in forma pauperis*

An applicant need not be completely destitute to proceed IFP, but he must adequately prove his indigence. *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339–40 (1948). An adequate affidavit should "allege[ ] that the affiant cannot pay the court costs and still afford the necessities of life." *Escobedo v. Applebees*, 787 F.3d 1226, 1234 (9th Cir. 2015) (citing *Adkins*, 335 U.S. at 339). No exact formula is "set forth by statute, regulation, or case law to determine when someone is poor enough to earn IFP status." *Escobedo*, 787 F.3d at 1235.

Consequently, courts must evaluate IFP requests on a case-by-case basis. *See id.* at 1235–36 (declining to implement a general benchmark of "twenty percent of monthly household income"); *see also Cal. Men's Colony v. Rowland*, 939 F.2d 854, 858 (9th Cir. 1991) (requiring that district courts evaluate indigency based upon available facts and by exercise of their "sound discretion"), *rev'd on other grounds*, 506 U.S. 194 (1993); *Venable v. Meyers*, 500 F.2d 1215, 1216 (9th Cir. 1974). An adequate affidavit should also state supporting facts "with some particularity, definiteness and certainty," *United States v. McQuade*, 647 F.2d 938, 940 (9th Cir. 1981) (citing *Jefferson v. United States*, 277 F.2d 723, 725 (9th Cir. 1960)), so that the Court does not grant IFP to an applicant who is "financially able, in whole or in material part, to pull his own oar." *Temple v. Ellerthorpe*, 586 F. Supp. 848, 850 (D.R.I. 1984); *see also Alvarez v. Berryhill*, No. 18-cv-2133 W (BGS), 2018 WL 6265021, at *1 (S.D. Cal. Oct. 1, 2018) (noting that courts often reject IFP applications when applicants "can pay the filing fee with acceptable sacrifice to other expenses").

Here, Plaintiff has failed to show economic hardship or indigence.  Plaintiff has no current income, but has almost $8,000.00 dollars, between checking and savings accounts, as well as about $340,000.00 dollars from the sale of his house.  ECF No. 3 at 1-2.  Plaintiff has indicated he does not make money elsewhere, nor receive benefits, has

two dependents, and his expenses amount to about $1,100.00 a month. *Id.* at 4–5. Despite this, Plaintiff has not adequately demonstrated financial difficulties. Although Plaintiff states he needs to use his money to "spend[]. . . savings to buy a home and repair," that is not sufficient to show he meets the requirements for IFP status under 28 U.S.C. § 1915(a). Thus, the Court finds Plaintiff can pay the filing fee of $400.00 with reasonable financial sacrifices. *See Jaime B. v. Saul*, No. 19-CV-02431-JLB, 2020 WL 1169671, at *2 (S.D. Cal. Mar. 10, 2020) (denying IFP status where a plaintiff was capable of paying "with acceptable sacrifices to other expenses and savings.")

### III.    Motion to Appoint Counsel under 28 U.S.C. § 1915(e)(1)

There is no absolute constitutional guarantee to counsel in civil cases. *Hedges v. Resolution Trust Corp.*, 32 F.3d 1360, 1363 (9th Cir. 1994). Whether or not to appoint counsel, under 28 U.S.C. § 1915(e)(1), is within "the sound discretion of the trial court and is granted only in exceptional circumstances." *Agyeman v. Corr. Corp. of Am.*, 390 F.3d 1101, 1103 (9th Cir. 2004). In determining whether exceptional circumstances exist, the court considers "the likelihood of success on the merits as well as the ability of the petitioner to articulate his claims *pro se* in light of the complexity of the legal issues involved." *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983); *Harrington v. Scribner*, 785 F.3d 1299, 1309 (9th Cir. 2015). Neither element, by itself, is determinative. *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986).

Under 28 U.S.C. 1915(e)(1), a civil litigant may request counsel upon a showing they are unable to afford one. However, a civil litigant plaintiff who seeks appointment of counsel must first make a reasonably diligent effort to obtain counsel before the court may exercise its discretion under § 1915(e)(1). *Bailey v. Lawford*, 835 F. Supp. 550, 552 (S.D. Cal. 1993). Only after that effort to secure counsel will a court consider whether exceptional circumstances exist to warrant a request for appointment. *Id.* The party requesting counsel bears the burden of showing exceptional circumstances exist. *Dupre v. City of San Diego*, No. 22CV169-JO-AGS, 2022 WL 3639288, at *1 (S.D. Cal. Aug. 23, 2022) (citing *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009).

Although Plaintiff has stated he cannot afford counsel, they have failed to demonstrate exceptional circumstances exist that warrant the appointment of counsel. First, Plaintiff has made no showing that he is likely to succeed on the merits of his claims.  As discussed above, the Court is dismissing his Complaint with leave to amend under § 1915(e).

Further, Plaintiff bears the burden of showing reasonable diligence in trying to locate an attorney.  Plaintiff's motion for appointment for counsel lacks any information regarding any attempts by him to secure counsel.  ECF No. 2 (fields indicating attorneys contacted left blank by Plaintiff).  Because Plaintiff has not shown an effort to recruit an attorney, he has not shown the Court should exercise its discretion to appoint counsel under § 1915(e)(1).

### IV.   Conclusion

For these reasons, the Court **DISMISSES** the complaint with leave to amend, if amended within 60 days of this order, **DENIES** the motion to proceed IFP**,** and **DENIES without prejudice** the motion for appointment of counsel.  If Plaintiff files an amended complaint, Plaintiff must also pay the filing fee in order to pursue his case.

**IT IS SO ORDERED.**

Dated:  March 2, 2023

Hon. Nita L. Stormes
United States Magistrate Judge